ORDER
FORDHAM, JUDGE:
An application of the claimant, Theodore J. Bishop Jr., for an award under the West Virginia Crime Victims Compensation Act, was filed September 2, 2008. The report of the Claim Investigator, filed December 18, 2008, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on February 25, 2009, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed March 11,2009. This matter came on for hearing April 22, 2009, the claimant appearing in person, and Assistant Attorney General Benjamin F. Yancey III for the State of West Virginia.
At approximately 11:00 a.m. on July 23, 2008, this fifty-year-old claimant was the victim of criminally injurious conduct in Nitro, Kanawha County. The incident occurred at the residence of the claimant’s daughter and son-in-law (the offender). The claimant stated that he had consumed a couple of beers prior to the incident. When the claimant arrived at their residence, his daughter and the offender were arguing. The claimant went outside, and his daughter and the offender proceeded to fight in the yard. The offender picked up a hoe and started swinging it around, and the claimant’s daughter was able to take it away from him. She went inside the house to pick up her son’s car seat so that the claimant could take her son home with him. The offender stated that he did not want their son to go home with the claimant. However, the claimant testified that his grandson would regularly stay with him. They proceeded to argue about other matters such as the offender’s job situation and drug usage.
The offender told the claimant that he was going to take everything away from his daughter, including her son. The claimant replied, “Your name ain’t even on the title to this place.” The claimant testified that the offender struck him multiple times and knocked him over the fence. During the altercation, the claimant testified that the offender never asked the claimant to leave his property. After the incident, the claimant’s *375 daughter called 911. The claimant was taken to a friend’s house where he drank liquor and beer while he waited for his wife to pick him up and take him to the hospital.
Sandra Bishop, the claimant’s wife, testified that her husband was in critical condition when she picked him up and transported him to the hospital. The claimant was treated for multiple facial fractures and a rib fracture. Ms. Bishop obtained a protective order against the offender after this occurred. Despite the fact that the claimant was severely beaten, charges were initially brought against the claimant in relation to this incident. The claimant testified that these charges were subsequently dismissed.
The Court’s Order denying this claim was based on the fact that the record did not establish that the claimant was in fact free from any contributory misconduct. W. Va. Code § 14-2A-3(1) defines contributory misconduct as follows:
“Contributory misconduct” means any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained...
The Court hereby determines that the claimant has satisfied his burden of proving that he was an innocent victim of crime. The Court finds that the claimant did not provoke the physical altercation with the offender. Thus, the claimant was not guilty of contributory misconduct. The Court is constrained by the evidence to reverse its previous ruling. Therefore, an award shall be granted.
The Claim Investigator is hereby ordered to complete an economic analysis of the claimant’s unreimbursed allowable medical expenses for further review by the Court.